UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-23805-WILLIAMS/SIMONTON

HENRY OMAR NAVAS CANTARERO
a/k/a DELVIS LINARES,

    Plaintiff,

v.

PRECAD, INC. d/b/a PRUDENTIS ROOFING
and FRANCISCO GARZA,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants PRECAD, INC. d/b/a PRUDENTIS ROOFING ("PRECAD") and FRANCISCO GARZA ("GARZA") (collectively, the "Defendants"), by their undersigned counsel, hereby submit their Answer and assert their Affirmative Defenses to Plaintiff HENRY OMAR NAVAS CANTARERO a/k/a DELVIS LINARES's ("Plaintiff") Complaint and state as follows:

## ANSWER

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

**RESPONSE: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

**RESPONSE: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

3. The Defendants PRECAD, INC. d/b/a PRUDENTIS ROOFING is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 15-CV-23805-WILLIAMS/SIMONTON

Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

**RESPONSE: Defendants admit the allegations with the exception of the legal conclusion that PRECAD was subject to the FLSA.**

4. The individual Defendant FRANCISCO GARZA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

**RESPONSE: Defendants admit the allegation with the exception of the legal conclusion that GARZA was Plaintiff's employer.**

5. All acts or omissions giving rise to this dispute took place in Dade County.

**RESPONSE: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

### COUNT I:  FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and maximum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

**RESPONSE: Denied.**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

**RESPONSE: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.**

8. 29 U.S.C. § 207(a)(1) states "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and one half times the employee's regular rate. . . ."

**RESPONSE: Defendants refer to the statute for its lawful interpretation and effect.**

9. Plaintiff worked for Defendants as a roofing technician/repairman from on or about April 1, 2014 through on or about May 22, 2015.

**RESPONSE: Defendants admit that Plaintiff was employed by PRECAD with Plaintiff's last paycheck May 15, 2015.**

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

**RESPONSE: Denied.**

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

**RESPONSE: Denied.**

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013 and 2014.

**RESPONSE: Admits.**

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceed $375,000.00 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

**RESPONSE: Admits.**

14. Between the period of on or about April 1, 2014 through on or about May 22, 2015, Plaintiff worked an average of 63 hours a week for Defendants, of which an average of 12 hours a week was spent loading and unloading tools/equipment on and off of Defendants' trust and travelling to and from Defendants' jobsites to and from Defendants' place of business on loaded work trucks, and was paid an average of $16.33 per hour.

**RESPONSE: Denied.**

15. Plaintiff was never paid the extra half time rate for an average of 11 hours per week that he worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 11 hours per week that he worked above 40 in a week.

**RESPONSE: Denied.**

16. Plaintiff was never paid anything at all for an average of 12 hours per week that he worked over 40 hours in a week as required by the Fair Labor Standards Act spent loading and unloading

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

tools/equipment on and off Defendants' trucks and travelling to and from Defendants jobsites to and from Defendants' place of business on loaded work trucks. Plaintiff therefore claims the time-and-one-half overtime rate for an average of 12 hours per week that he worked above 40 in a week.

**RESPONSE: Denied.**

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**RESPONSE: Denied.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Payment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action under the FLSA against PRECAD, INC. d/b/a PRUDENTIS ROOFING for enterprise liability, as PRECAD, INC. d/b/a PRUDENTIS ROOFING is not an enterprise within the statutory definition of "enterprise" under 29 U.S.C. § 203(r) & (s).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under the applicable law because Defendants assert that all actions taken by Defendants were performed in good faith and based upon reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), against the Defendants for overtime compensation under 29 U.S.C. § 207, as all earned wages have been properly paid.

CASE NO. 15-CV-23805-WILLIAMS/SIMONTON

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action against GARZA, as GARZA was not Plaintiff's employer within the statutory definition of "employer" under 29 U.S.C. § 203(d).

WHEREFORE, Defendants PRECAD, INC. d/b/a PRUDENTIS ROOFING and FRANCISCO GARZA, having answered the Complaint, seek a dismissal of all claims and an award of costs and attorneys' fees, if applicable, together with such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: November 24, 2015  
      Boca Raton, Florida

Respectfully submitted,

_____  
WAYNE H. SCHWARTZ (Bar No. 907390)  
schwartz@leeamlaw.com  
Lee & Amtzis, P.L.  
5550 Glades Road, Suite 401  
Boca Raton, FL  33431  
Telephone:  (561) 981-9988  
**Attorneys for Defendants**  
**PRECAD, INC. d/b/a PRUDENTIS ROOFING**  
**and FRANCISCO GARZA**

CASE NO. 15-CV-23805-WILLIAMS/SIMONTON

## SERVICE LIST

J. H. Zidell, P.A.
J. H. Zidell, Esq.
zabogado@aol.com
Steven Fraser, Esq.
steven.fraser.esq@gmail.com
300 71st St., #605
Miami Beach, FL  33141