## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS ("Agreement") is entered into by, between and among PRECAD, INC. d/b/a PRUDENTIS ROOFING and FRANCISCO GARZA (collectively "Defendants") and HENRY OMAR NAVAS CANTARERO a/k/a DELVIS LINARES (hereinafter "Plaintiff"). Defendants and Plaintiff shall collectively be referred to as the "Parties."

WHEREAS, Plaintiff has alleged overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. Section 201-215 et seq. in a matter styled, *Henry Omar Navas Cantarero a/k/a Delvis Linares v. Precad, Inc. d/b/a Prudentis Roofing and Francisco Garza*, Case No. 15-CV-23805-SIMONTON (Consent) ("the Lawsuit"); and

WHEREAS, Defendants have denied, and do deny, each and every allegation alleged by Plaintiff against Defendants; and

WHEREAS, the Parties desire to resolve fully and finally any and all disputes, in an amicable manner without the difficulties and expenses involved in further litigation, and further, the Parties wish to set forth their complete agreement and release of claims.

NOW, THEREFORE, the Parties for good and sufficient consideration agree as follows:

1.      The Parties adopt and incorporate the terms of the above WHEREAS recitals as if fully set forth herein as substantive terms of the Parties' Agreement.

2.      As its consideration for this Agreement, Defendants, jointly and severally, shall pay the total sum of Ten Thousand Dollars and Zero Cents ($10,000.00), inclusive of attorneys' fees and costs, which shall be issued in three (3) postdated checks ($5,000.00 - April 4, 2016; $2,500.00 - May 4, 2016; $2,500.00 - June 4, 2016) to the J.H. Zidell, P.A., Client Trust Account, and delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, postmarked by April 4, 2016.

H.O.N.C.                                                              FG

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed no earlier than the post-date and Court Approval and Dismissal with Prejudice by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

*H.O.N.C*
*Four Thousand Ten Dollars*

*FG*
*$4,010.00*

(a)   Plaintiff shall receive the total amount of ~~Five Thousand Dollars~~ and Zero Cents (~~$5,000.00~~) of which: (1) Ten Dollars and Zero Cents ($10.00) represents a release, (2) two thousand Dollars and Zero Cents ($2,000.00) represents alleged unpaid wages, and (3) two thousand dollars ($2,000.00) represents alleged liquidated damages;

(b)   Plaintiff's Counsel shall receive the total sum of five thousand nine hundred and ninety Dollars and Zero Cents ($5,990.00), of which four thousand nine hundred and ninety Dollars and Zero Cents ($4,990.00) represents fees and one thousand Dollars and Zero Cents ($1,000.00) represents costs in this litigation; and

(c)   Check 1 can be deposited and disbursed upon Court Approval and Dismissal; Check 2 can be deposited and disbursed no earlier than May 4, 2016 subject to Court Approval and Dismissal; and Check 3 can be deposited and disbursed no earlier than June 4, 2016 subject to Court Approval and Dismissal.

The necessary IRS forms shall be issued to J. H. Zidell, P.A. and Plaintiff for the amounts referenced herein.  Plaintiff acknowledges that the foregoing consideration represents a full and complete settlement of any and all claims against Defendants, expressly and except any exception noted in paragraph 6 below, including, but not limited to, the overtime wage claims and Lawsuit identified in the WHEREAS provisions set forth above and those claims set forth below.

3.   Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties authorize their attorneys to file a Joint Motion for Approval of Settlement and Dismissal With Prejudice with the Court in the Lawsuit as a condition of this Agreement.

Page 2 of 13

*FG*
Precad, inc. D/B/A Prudentis Roofing    *FG* Francisco Garza

*H.O.N.C* Henry Omar Naves Cantarero A/K/A Deivis Linares

4.     Time is of the essence for payment.  Should Defendants, jointly and severally, fail to deliver the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Wayne Schwartz, Esq., at schwartz@leeamlaw.com. From receipt, Defendants shall have 72 hours to cure said breach. Should Defendants fail to cure said breach within 72 hours, Plaintiff shall be entitled to the entry of a Final Default Judgment for the sum of $13,000.00 less any payments received. If an NSF payment is not cured, a penalty of $1,250.00 shall be added to the default amount.  Plaintiff may seek a Final Default Judgment by way of a Motion and Affidavit without the necessity of a further hearing. In the event of a breach, Plaintiff shall be entitled to any fees and costs incurred for reasonable attorneys' fees and costs for collection.

5.     Neither this Agreement nor anything contained herein shall be construed as an admission by Defendants of any liability, including, but not limited to, any alleged violation of federal, state or local law; any alleged violation of a common law cause of action; any alleged breach of contract; or any other allegedly unlawful conduct whatsoever.

6.     As a material inducement for Defendants to enter into this Agreement, and with the exception of any and all claims and/or rights which by law cannot be waived, the Parties hereby agree, acknowledge and promise to forego and waive any and all rights they may have to assert a claim, charge, action, complaint, controversy, cause of action, lawsuit, charge, suit, demand or petition ("claim" or "claims") in, with or before a court of law or equity against each other  for any rights, claims, damages, monies or entitlements (including, but not limited to, claims for attorney's fees and costs actually incurred and/or liquidated damages) known and/or unknown, choate and/or inchoate, which Plaintiff may now have, own, or hold, or claim to have, own or hold, or which the Parties at any time heretofore had, owned or held, or claimed to have had, owned, or held, or which the Parties at

*Page 3 of 13*

FG

~~HOUSE~~ Precad, Inc. D/B/A Prudentis Roofing     _FG_ Francisco Garza

H.O.N.C.  Henry Omar Navas Cantarero A/K/A Delvis Linares

any time may have, own, or hold, or claim to have, own or hold against each other , from the beginning of time up to the date the Parties execute this Agreement, including any claims arising from any alleged violation by the Parties of any federal, state or local statutes, regulations or ordinances; common law causes of action in law and in equity or breach of contract claims, including, but not limited to, any and all claims under:

i. The Federal Age Discrimination in Employment Act of 1967, as amended ("ADEA"), which, among other things, prohibits discrimination in employment on account of a person's age;

ii. Title VII of the Civil Rights Act of 1964, as amended, which, among other things, prohibits discrimination in employment on account of a person's race, color, religion, sex, or national origin;

iii. 42 U.S.C. §1981, as amended, which, among other things, prohibits certain forms of race discrimination;

iv. The Federal Equal Pay Act of 1963, which, among other things, prohibits, under certain circumstances, discrimination in pay on the basis of sex;

v. The Family and Medical Leave Act, which, among other things, prohibits taking adverse employment actions against eligible employees taking leave from work for the birth and care of a child; placement of an adopted or foster child; the care of a parent, spouse or child with a serious health condition; the care of the employee's own serious health condition; because of any qualifying exigency arising out of the fact that the spouse, child or parent of the employee is on active duty in the armed forces in support of a contingency operation; or to care for an injured servicemember;

vi. The Employee Retirement Income Security Act of 1974, as amended, which, among other things, regulates pension and welfare plans and, which among other things, prohibits interference with individual rights protected under the statute;

vii. The Florida Civil Rights Act, which, among other things, prohibits discrimination in employment on account of a person's race, color, religion, sex, national origin, age, handicap or marital status;

viii. The Americans With Disabilities Act of 1990 and the ADA Amendments Act of 2008, which, among other things, prohibit discrimination relating to employment on account of a person's handicap or disability;

H.O.N.C _FG_ Precad, Inc. D/B/A Prudentis Roofing   _FG_ Francisco Garza

H.O.N.C _____ Henry Omar Navas Cantarero A/K/A Delvis Linares

ix.   Claims under Section 440.205, Florida Statutes, prohibiting discharge, threats of discharge, intimidation or coercion for validly exercising ones right under Florida's Workers' Compensation Law;

x.   Section 448.08, Florida Statutes, which permits a cause of action for unpaid wages.

xiii.   Section 448.07, Florida Statutes, which among other things, prohibits discrimination on the basis of a person's sex, with respect to wages;

xiv.   Section 448.101, et seq., Florida Statutes, which, among other things, prohibits retaliation against employees for disclosing or threatening to disclose to a governmental agency a violation of law, rule or regulation on the part of an employer or for objecting to an activity of an employer which is in violation of a law, rule or regulation;

xv.   Section 760.50, Florida Statutes, which, among other things, prohibits discrimination based on a person's HIV status or having AIDS;

xvi.   Any Federal, State or local law, rule, statute, ordinance, regulation, executive order or guideline, including, but not limited to, those laws specifically described above; including 29 U.S.C. § 215 regarding retaliation;

xvii.   Any oral or written contract of employment with Defendants, express or implied, or any oral or written agreement, express or implied, purporting to establish terms and conditions of employment or addressing termination of employment;

xviii.   Any other Federal, State or local common-law causes of action related to Plaintiff's employment with Defendants and/or separation from employment with Defendants.

Plaintiff acknowledges that he has not heretofore filed, asserted or brought any claims against Defendants in, with or before a court of law or equity other than the claims and the Lawsuit referenced in the above WHEREAS provisions, which claims and Lawsuit Plaintiff, by entering into this Agreement, agrees to resolve as set forth herein.

7.   The Parties further agree that they are releasing, acquitting and forever discharging each other, from any and all liability which may result from any claim (including, but not limited to, any claim arising under the laws, statutes, provisions, bases and theories set forth in paragraph 6 above)

*Page 5 of 13*

*FG*

~~Henry~~ Precad, Inc. D/B/A Prudentis Roofing    *FG* Francisco Garza

H.O.N.C. Henry Omar Navas Cantarero A/K/A Delvis Linares

brought against the other, including, but not limited to, any person, agency or entity. This release is limited to only those claims which arose prior to or on the date the Parties executing this Agreement. This release includes, but is not limited to, any claims filed in a court of law or equity or with any agency, tribunal, commission, council, entity or forum other than a court of law or equity.

8.       Plaintiff acknowledges and agrees that his employment with Defendants has ended, that he will never knowingly apply for employment with Defendants and that he will not be so employed. Should Plaintiff somehow become employed by Defendants, such persons and/or entities will have good cause to terminate Plaintiff without further cause, based solely on this Agreement. Except as to claims and/or rights which by law cannot be waived, Plaintiff further agrees that he is waiving any claim which he may have to reinstatement with Defendants under any statutory, common law or breach of contract action or any other type of action.

9.       The Parties agree that if a proven breach of the promises in this Agreement is demonstrated by one of the parties, the breaching party/parties agrees/agree to pay the reasonable attorney's fees and expenses incurred by the other party/parties as a result of such breach.

10.      The Parties recognize and acknowledge an interest in maintaining the confidentiality of this Agreement, and agree that they shall keep the fact and the terms of this Agreement and the negotiations leading to this Agreement completely confidential. This Paragraph shall not prohibit either party from (i) disclosing the fact and terms hereof to such professional legal, accounting, and tax advisors as they may from time to time engage; (ii) disclosing the fact and terms hereof to government officials such as the IRS for tax-reporting purposes in the event either party is professionally advised to do so; (iii) disclosing the facts, terms and negotiations leading to this Agreement to a court of competent jurisdiction or other tribunal or agency for the purpose of enforcing this Agreement and/or demonstrating a breach of this Agreement; (iv) stating in response to any other inquiry that: "THE

*FG*
~~Precad~~ Precad, Inc. D/B/A Prudentis Roofing      *FG*   Francisco Garza

H.O.N.C.  Henry Omar Navas Cantarero A/K/A Delvis Linares

MATTER HAS BEEN RESOLVED, THE TERMS OF THE RESOLUTION ARE CONFIDENTIAL AND I CANNOT DISCUSS THE MATTER ANY FURTHER;" or (v) responding to or complying with any lawful subpoena or process of law. The Parties agree to notify and authorize their attorneys to notify the other party in writing within five (5) days of their receipt of any subpoena, process of law or other request seeking to discover any information related to the claims and/or the Lawsuit referenced in the above WHEREAS provisions and/or the instant Agreement, including, but not limited to, a copy of this Agreement. The Party served with any such subpoena, process of law or other request will permit the other party, alone or through their designated representative, to review and investigate and, if necessary, quash such subpoena, process of law or document request prior to any production mandated by such document. Nothing in this Agreement shall prohibit Defendants from disclosing the fact and terms of this Agreement (including providing a copy of this Agreement) to any member of management, its/their internal and external attorneys, its/their auditors with a need to know and/or to any insurance company which may provide coverage for employment-related matters. The Parties agree to hold those persons to whom the facts and terms of this Agreement are disclosed to the same terms of confidentiality as apply to them and agree that they will be responsible for any breach of this paragraph by those to whom they make such disclosures, except as it relates to any disclosures to a court of competent jurisdiction or government agency. Unless otherwise specified herein, the facts and terms of this Agreement as well as the negotiations leading up to this Agreement, are completely confidential and may not be disclosed to anyone. Plaintiff agrees that a proven breach of this confidentiality clause shall subject the Plaintiff to a sanction equal to the remuneration paid by Defendants to him pursuant to subsection 2 above, in addition to any other remedy set forth in this Agreement.

_FG_ Precad, Inc. D/B/A Prudentis Roofing     _FG_  Francisco Garza

H.O.N.C. Henry Omar Navas Cantarero A/K/A Delvis Linares

Notwithstanding the above "confidentiality" provision, this Settlement Agreement shall be attached as an Exhibit to the Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice and shall be filed on PACER for Court approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

11. The Parties agree not to criticize or make any negative or disparaging remarks about each other. Upon inquiry from any prospective employers of Plaintiff, Defendants shall only disclose Plaintiff's dates of employment, positions held and confirm Plaintiff's compensation.

12. Plaintiff acknowledges that he has been given twenty-one (21) days in which to consider the terms of this Agreement. To the extent Plaintiff wishes to execute this Agreement prior to the conclusion of the twenty-one (21) day period, Plaintiff acknowledges that he will only do so in a knowing and voluntary manner and of his own free will. The parties agree that any changes to this Agreement, material or immaterial, will not restart the running of the twenty-one (21) day period.

14. The Parties confirm that they have been advised to consult with an attorney of their choice regarding the terms of this Agreement and that they have done that.

15. The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

16. The failure of either Defendants or Plaintiff to require the performance of any term or obligation of this Agreement or the waiver by Defendants or Plaintiff of any breach of any term or obligation of this Agreement, shall not prevent any subsequent enforcement of such term or obligation or any other term or obligation and shall not be deemed a waiver of any subsequent breach of such

*Page 8 of 13*

*FG* Precad, Inc. D/B/A Prudentis Roofing     *FG* Francisco Garza

H.O.N.C Henry Omar Navas Cantarero A/K/A Deivis Linares

term or obligation or any other term or obligation. The parties agree that no modification, amendment or waiver of any provision of this Agreement shall be effective unless in writing and signed by the parties.

17.     Plaintiff represents and acknowledges that in executing this Agreement he does not rely, and has not relied, upon any representations or statements made by Defendants, or any of their agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

18.     The Parties agree that should any part(s), term(s) or provision(s) of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, said part(s), term(s) or provision(s) shall be modified by such court, to the extent necessary, to render such part(s), term(s) or provision(s) enforceable. In the event that any such part(s), term(s) or provision(s) cannot be or is/are not modified to make it/them enforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part(s), term(s) or provision(s) shall be deemed not to be part of this Agreement.

19.     The Parties agree that as used in this Agreement, the singular or plural number shall be deemed to include, replace or supplant the other whenever the context so indicates or requires. Reference to one gender shall be deemed to include, replace or supplant the other whenever the context so indicates or requires.

20.     The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding. No prior or contemporaneous oral or written agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the parties hereto and the parties' heirs, successors and assigns. This Agreement may not be modified, amended or waived except in writing signed by all Parties.

_FG_ Precad, Inc. D/B/A Prudentis Roofing      _FG_ Francisco Garza

H.O.N.C_ Henry Omar Navas Cantarero A/K/A Delvis Linares

21.     This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement, binding on all Parties, notwithstanding that all parties are not signatories to the same counterpart. The Parties further agree that this Agreement may be delivered via facsimile or email transmission and that a facsimile or digital signature shall constitute a valid signature. The Parties shall exchange original signed Agreements as soon as practicable following delivery and execution as aforesaid; provided, however, that the failure to provide signed Agreements following execution and delivery via facsimile or email transmission shall not affect the validity of this Agreement. In any event, the parties agree that a copy of their signatures, even in counterparts, shall have the same force and effect as an original and shall make this Agreement binding and enforceable.

22.     Plaintiff acknowledges and agrees that the instant Agreement was reviewed with him in his native spoken language, if applicable, and that he understands the terms of this Agreement.

TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y EL ENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.

23.     Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

## PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES
## A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS

*Page 10 of 13*

_FG_ Precad, Inc. D/B/A Prudentis Roofing     _FG_ Francisco Garza

H.O.N.C Henry Omar Navas Cantarero A/K/A Delvis Linares

Date: ___4/5/16___

_____
HENRY OMAR NAVAS CANTARERO
a/k/a DELVIS LINARES - Signature

STATE OF FLORIDA                 :
                                              ss:
COUNTY OF MIAMI-DADE       :

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared HENRY OMAR NAVAS CANTARERO a/k/a DELVIS LINARES, personally known to me or who has produced __HONDURAN PASSPORT 1/1/2025__ (type of identification) and has acknowledged before me that he executed the foregoing freely and voluntarily for the purpose therein expressed, who did take an oath.

WITNESS my hand and official seal at said County and State, this 5TH day of April, 2016.

_____
Notary Public, State of Florida

_____
Name of Notary (Please Print)

JAMIE N. ZIDELL
MY COMMISSION # FF 939210
EXPIRES: February 15, 2020
Bonded Thru Notary Public Underwriters

_____
Commission Number

My commission expires: _____

[Signatures for Settlement Agreement and Waiver and Release of Claims between Henry Omar Navas Cantarero a/k/a Delvis Linares and Precad, Inc. d/b/a Prudentis Roofing and Francisco Garza continued on page 12]

_FG_ Precad, Inc. D/B/A Prudentis Roofing    _FG_ Francisco Garza

H.O.N.C Henry Omar Navas Cantarero A/K/A Delvis Linares

[Signatures for Settlement Agreement and Waiver and Release of Claims between Henry Omar Navas Cantarero a/k/a Delvis Linares and Precad, Inc. d/b/a Prudentis Roofing and Francisco Garza continued from page 11]

PRECAD, INC. D/B/A PRUDENTIS ROOFING

Date: 05 APR 2016

By: _____
    Signature

F R A N C I S C O   G A R Z A
Printed Name

V. P.
Title

STATE OF FLORIDA        :
                        ss:
COUNTY OF MIAMI-DADE     :

   I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared FRANCISCO GARZA, as authorized representative of and PRECAD, INC. D/B/A PRUDENTIS ROOFING, who is personally known to me or who has produced _____ (type of identification) and has acknowledged before me that he executed the foregoing freely and voluntarily for the purpose therein expressed, who did take an oath.

   WITNESS my hand and official seal at said County and State, this ___ day of April, 2016.

_____
Notary Public, State of Florida

NICHOLAS SHAHEEN
MY COMMISSION # FF 218279
EXPIRES: April 7, 2019
Bonded Thru Budget Notary Services

_____
Name of Notary (Please Print)

FF 218279
Commission Number

My commission expires: April 7, 2019

[Signatures for Settlement Agreement and Waiver and Release of Claims between Henry Omar Navas Cantarero a/k/a Delvis Linares and Precad, Inc. d/b/a Prudentis Roofing and Francisco Garza continued on page 13]

Page 12 of 13

FG Precad, Inc. D/B/A Prudentis Roofing     FG Francisco Garza

H.O.N.C Henry Omar Navas Cantarero A/K/A Delvis Linares

[Signatures for Settlement Agreement and Waiver and Release of Claims between Henry Omar Navas Cantarero a/k/a Delvis Linares and Precad, Inc. d/b/a Prudentis Roofing and Francisco Garza continued from page 12]

Date: 05 APR 2016          Francisco Garza Digitally signed by Francisco Garza Date: 2016.04.06 12:30:58 -04'00'

FRANCISCO GARZA -Signature

STATE OF FLORIDA          :
                          ss:
COUNTY OF MIAMI-DADE      :

    I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared FRANCISCO GARZA, personally known to me or who has produced _____ (type of identification) and has acknowledged before me that he executed the foregoing freely and voluntarily for the purpose therein expressed, who did take an oath.

    WITNESS my hand and official seal at said County and State, this __ day of April, 2016.

_____
Notary Public, State of Florida

NICHOLAS SHAHEEN
MY COMMISSION # FF 212272
EXPIRES: April 7, 2019
Bonded Thru Budget Notary Services

_____
Name of Notary (Please Print)

_____
Commission Number

My commission expires: April 7, 2019

*FG* Precad, Inc. D/B/A Prudentis Roofing          *FG* Francisco Garza

H.O.N.C Henry Omar Navas Cantarero A/K/A Delvis Linares